## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Hussein Jawad, Lila Jawad, and
Jean Safiedine,

|  |  |
|---|---|
| Plaintiffs, | Case No. 14-cv-13614 |
|  | Hon. Judith E. Levy |
|  | Mag. Judge Paul J. Komives |

v.

Hudson City Savings Bank, FSB,
and Bank of America, N.A.,

                 Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' [8] MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND DENYING PLAINTIFFS' [13] MOTION FOR PRELIMINARY INJUNCTION

This action arises from the foreclosure and sheriff's sale of a residential property owned by plaintiffs Hussein Jawad, Lila Jawad, and Jean Safiedine. Plaintiffs bring various state law claims against defendants Hudson City Savings Bank, FSB ("Hudson City") and Bank of America, N.A. ("Bank of America"), respectively the assignee and servicer of the mortgage on the property. Before the Court is defendants' Motion to Dismiss plaintiffs' complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Also before the Court is

plaintiffs' Motion for Preliminary Injunction, in which plaintiffs ask the Court to stay the period for redemption of the property from the sheriff's sale. (Dkt. 13.) For the reasons discussed below, the Court will grant defendants' motion and deny plaintiffs' motion.

## I.    Factual background

On May 9, 2003, plaintiffs executed a mortgage on property located at 96 Manorwood Drive, Bloomfield Hills, Michigan 48304 ("the Property") in favor of John Adams Mortgage Company. (Dkt. 1-2, Ex. 1 to Notice of Removal 15.) The mortgage secured a note plaintiffs executed in favor of John Adams Mortgage Company in the amount of $649,000. (*Id.*) The mortgage was later assigned to Hudson City. (Dkt. 1-2, Ex. 1 to Notice of Removal 3, Compl. ¶ 10.) At all times relevant to plaintiffs' complaint, Bank of America serviced plaintiffs' mortgage. (*Id.* ¶ 11.)

Beginning in 2012, plaintiffs sought a loan modification from defendants. (Compl. ¶ 12.) Plaintiffs failed to make an unspecified number of mortgage payments beginning in January 2013. (*Id.* ¶ 14.) They continued to seek a loan modification from defendants. (*Id.* ¶ 15.) Plaintiffs allege they qualified for a modification under which they

2

would have a six-month forbearance period, followed by an 18-month period to bring the loan current. (*Id.* ¶ 18.) Plaintiffs further allege they timely and fully complied with all requests from Bank of America for documents and other information pertinent to the loan modification application process. (*Id.* ¶¶ 16-17.) Bank of America, however, failed or refused to respond to plaintiffs' questions, failed to inform or misinformed plaintiffs regarding plaintiffs' loan and loan modification programs, and repeatedly demanded documents already submitted by plaintiffs. (*Id.* ¶ 21.)

By letter dated April 29, 2014, defendants' foreclosure counsel informed plaintiffs they had 30 days after receipt of the letter to dispute the validity of the debt outstanding on the note; foreclosure proceedings would otherwise begin. (Dkt. 1-2, Ex. 1 to Notice of Removal 47.) By letter dated June 24, 2014, foreclosure counsel notified plaintiffs that plaintiffs' mortgage was being foreclosed upon and that sale of the property was scheduled for July 29, 2014. (*Id.* at 49.) Plaintiffs allege these two letters are the only notices they received regarding acceleration of the loan and foreclosure of the mortgage. (Compl. ¶ 25.) The Property was sold at sheriff's sale on July 29, 2014. (Dkt. 1-3, Ex. 2

to Notice of Removal.)  The period within which plaintiffs can redeem the property ends on January 29, 2015.  (*Id.*)

Plaintiffs bring claims against both defendants for breach of the mortgage agreement (Count II); violation of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 *et seq.* (Count III); and injunctive relief (Count V).  Plaintiffs bring two additional claims against Bank of America only: negligence (Count I) and violation of the April 4, 2012 Consent Judgment between the United States, 49 states, the District of Columbia, Bank of America, N.A., BAC Home Loans Servicing, LP, Countrywide Home Loans Servicing, LP, Countrywide Home Loans, Inc., Countrywide Financial Corporation, Countrywide Mortgage Ventures, LLC, and Countrywide Bank, FSB (Count IV).

Plaintiffs seek monetary damages, costs, and attorney's fees. (Compl. ¶¶ 41, 45, 50, 53.)  In their complaint, plaintiffs also seek an injunction restraining defendants from carrying out the foreclosure and sale of the Property.  (*Id.* ¶ 61.)

Defendants filed their Motion to Dismiss Plaintiffs' Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), on October 1, 2014.  (Dkt. 8.)  In their response brief to the motion, plaintiffs seek

leave to amend their complaint. (Dkt. 10, Pls.' Resp. 10.) Plaintiffs filed their Motion for Preliminary Injunction on December 12, 2014, asking the Court to stay the redemption period until this matter is fully adjudicated on the merits. (Dkt. 13.) Pursuant to E.D. Mich. LR 7.1(f), the Court will decide the motions without oral argument.

## II.   Defendants' Motion to Dismiss

### A.   Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. When deciding such a motion, the court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). The court need not, however, accept as true "legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of

action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   The

"factual allegations must be enough to raise the right of relief above the

speculative level."  *Id.*

> Determining whether a complaint states a plausible claim
> for relief will . . . be a context-specific task that requires the
> reviewing court to draw on its judicial experience and
> common sense.  But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged – but it has not shown
> – that the pleader is entitled to relief.

*Iqbal*, 556 U.S. at 679 (citations and internal quotation marks

omitted).

In ruling on a motion to dismiss, the Court may consider the

complaint as well as documents referenced in the pleadings and central

to the claims, items of which a court may take judicial notice, matters of

public record, items appearing in the case record, and exhibits of

unquestioned authenticity that are attached to the complaint.  *See*

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)

(citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice &*

*Procedure* § 1357 (3d ed. 2004)); *In re Omnicare, Inc. Securities*

*Litigation*, 769 F.3d 455, 466 (6th Cir. 2014); *Greenberg v. Life Ins. Co. of*

*Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). "These matters are deemed to be a part of every complaint by implication." Wright & Miller, *supra*.

**B.    Analysis**

As a preliminary matter, plaintiffs have voluntarily dismissed Counts III and IV of their complaint. (Dkt. 11.) What remains are plaintiffs' claims for negligence (Count I), breach of contract (Count II), and injunctive relief (Count V).

1.    Negligence (Count I)

a.    Elements

To establish a *prima facie* claim of negligence under Michigan law, a plaintiff must show that (1) the defendant owed the plaintiff a legal duty; (2) the defendant breached the legal duty; (3) the plaintiff suffered damages; and (4) the defendant's breach was a proximate cause of the plaintiff's damages. *Roulo v. Auto Club of Mich.*, 192 N.W.2d 237, 239-40 (Mich. 1971).

"The threshold question in a negligence action is whether the defendant owed a duty to the plaintiff. It is axiomatic that there can be no tort liability unless defendants owed a duty to plaintiff." *Fultz v.*

*Union-Commerce Assocs.*, 683 N.W.2d 587, 590 (Mich. 2004). Whether such a duty exists is a question of law. *Id.* If the court determines the defendant did not owe a duty to plaintiff, the complaint should be dismissed. *Galati v. Wells Fargo Bank*, No. 11-11487, 2011 WL 5178276, at *8 (E.D. Mich. Nov. 1, 2011) (citing *Ross v. Glaser*, 559 N.W.2d 331, 334 (Mich. Ct. App. 1996)).

### b.   The parties' arguments

Plaintiffs allege defendant Bank of America had a duty to "[d]eal fairly and honestly" with them; to inform them of available loan modification programs and their requirements; to "[p]roperly handle the Plaintiffs' loan modification process"; and to "[p]rovide basic information" regarding plaintiffs' loan. (Compl. ¶ 38.) Plaintiffs further allege Bank of America breached those duties by (1) failing to timely respond, or refusing to respond, to plaintiffs' questions; (2) failing to inform plaintiffs of available loan modification programs; (3) demanding plaintiffs resubmit documents; and (4) "providing misinformation" regarding plaintiffs' loan and the modification process. (*Id.* ¶ 21.) Because of these alleged breaches, plaintiffs claim they were unable to modify their loan and fell further behind in their payments. (*Id.* ¶ 35.)

8

Bank of America responds that they owed no duty to plaintiffs, and that any harm suffered by plaintiffs was caused by their own failure to make payments under the Mortgage. (Dkt. 8, Defs.' Br. 8-10.)

c.  <u>Plaintiffs have failed to allege a legal duty owed by Bank of America</u>

Michigan tort law recognizes only duties that are "separate and distinct" from a party's contractual obligations. *Fultz*, 683 N.W.2d at 592. Bank of America maintains plaintiffs have alleged no duty that is separate and distinct from Bank of America's obligations under the mortgage and note. Plaintiffs counter that no contractual relationship exists between themselves and Bank of America, as Hudson City, not Bank of America, holds the mortgage and the note. It follows, according to plaintiffs, that "Bank of Americas' [*sic*] actions and negligence is [*sic*] separate and distinct from any obligations that Hudson City Savings Bank may owe to the Plaintiffs as a result of the parties' contracts and borrower / lender relationship." (Dkt. 10, Pls.' Resp. 5.)

The problem with plaintiffs' argument is they have alleged in their complaint that a contractual relationship <u>does</u> exist between themselves and Bank of America. Plaintiffs name two defendants in

9

their verified complaint: Hudson City and Bank of America. (Compl. ¶¶ 2,3.) In paragraph 43 of their complaint, plaintiffs state: "The Mortgage is a valid and binding agreement between the Plaintiffs and the <u>Defendants</u>." (Compl. ¶ 43 (emphasis added).) Plaintiffs continue to refer to "Defendants" throughout their statement of their breach of contract claim. (*Id.* ¶¶ 44-45.) They cannot now claim they have no contractual relationship with Bank of America; on a motion to dismiss pursuant to Rule 12(b)(6), the Court analyzes the sufficiency of the <u>complaint</u>, not the plaintiff's response brief.    *See Rush v. Fed. Home Loan Mortg. Corp.*, No. 13-11302, 2014 WL 1030842, at *1 (E.D. Mich. Mar. 17, 2014) (stating that "[a] motion for judgment on the pleadings, however, analyzes the sufficiency of the claims made in the complaint—not claims asserted in a *response brief*"); *Zemer v. American Home Mortg. Servicing, Inc.*, No. 11-15364, 2013 WL 766168, at *3 (E.D. Mich. Feb. 28, 2013) (finding plaintiff's allegation of breach of mortgage agreement "contradicts other allegations in [plaintiff's] complaint and response brief" and dismissing claim on that basis).

Even if plaintiffs had no contractual relationship with Bank of America, they must still identify the legal duty Bank of America owed

with respect to the loan modification process.  Such a legal duty could arise, for example, by statute, by virtue of a special relationship between the parties, or by the "generally recognized common-law duty to use due care in undertakings." *Loweke v. Ann Arbor Ceiling & Partition Co., L.L.C.*, 809 N.W.2d 553, 560 (Mich. 2011).  Plaintiffs direct the Court to no such statute, special relationship, or case establishing a relevant common-law duty.  In fact, the relevant case law expressly indicates the absence of a legal duty owed to plaintiffs by Bank of America.

First, Bank of America's alleged duty to "deal fairly and honestly" with plaintiffs is precluded by the fact that Michigan law "does not recognize a claim for breach of an implied covenant of good faith and fair dealing." *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 279-80 (Mich. Ct. App. 2003).  Plaintiffs cannot get around this by styling their claim as one for negligence.

Likewise, Bank of America's other alleged duties to plaintiffs – to provide information about available loan modification programs, to "[p]roperly handle the Plaintiffs' loan modification process"; and to "[p]rovide basic information" regarding plaintiffs' loan – are not

recognized by Michigan law. *See Coyer v. HSBC Mortg. Servs., Inc.*, 701 F.3d 1104, 1108 (6th Cir. 2012) (recognizing that under Michigan law "there is generally no fiduciary relationship between a mortgagor and a mortgagee"); *Ulrich v. Fed. Land Bank of St. Paul*, 480 N.W.2d 910, 913 (Mich. Ct. App. 1991) (holding that defendant bank had "no independent legal duty to exercise reasonable care in determining plaintiffs' eligibility for a loan").

In fact, courts in this district have frequently relied on *Ulrich* in considering negligence claims similar to the one in this case.   For example, in *Polidori v. Bank of America, N.A.*, 977 F. Supp. 2d 754, 763 (E.D. Mich. 2013), the court cited *Ulrich* in holding that, under Michigan law, defendant had no "duty to conduct a reasonable inquiry as to whether [plaintiff] would be able to qualify for a loan modification." *See also Brosius v. Wells Fargo Bank, N.A.*, No. 13-10109, 2014 WL 2199627, at *7 (E.D. Mich. May 27, 2014) (holding that Michigan law did not recognize an alleged duty "to obtain the documents Plaintiffs provided [*sc.* for a mortgage loan modification] and have the information properly evaluated prior to a Sheriff's sale"); *Droski v. Wells Fargo Bank, N.A.*, No. 11-11193, 2012 WL 3224134, at

*6 (E.D. Mich. Aug. 6, 2012) (relying on *Ulrich* in holding that defendant had no duty to plaintiff under Michigan law to "comply with statutes and relevant industry standards for the lending industry, as well as compliance with local, state and federal regulations").  Plaintiffs cite no legal authority to the contrary.

Plaintiffs alternatively point to the consent judgment in *United States v. Bank of America, N.A.*, No. 12-00361 (D.D.C. Apr. 4, 2012) as a source for Bank of America's alleged duty to plaintiffs.  But plaintiffs do not allege they were parties to that consent judgment and therefore cannot enforce its terms.  *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975) (holding that consent judgments are "not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it"); *Habib v. Bank of America, N.A.*, No. 13-10853, 2013 U.S. Dist. LEXIS 98168, at *9-11 (E.D. Mich. July 15, 2013) (holding plaintiffs failed to allege they were parties to the 2012 consent judgment and therefore dismissing claim seeking to enforce the consent judgment).  By claiming the consent judgment gives rise to a legal duty supporting a negligence claim, plaintiffs are simply attempting to enforce the consent judgment

by other means.  They cannot do so.  Neither the consent judgment nor Michigan law gives rise to the legal duties asserted by plaintiffs. Plaintiffs' conclusory allegation that Bank of America had such duties is not enough to support their negligence claim.

<strong>d.   <u>Plaintiffs have failed to allege facts showing causation</u></strong>

Plaintiffs' negligence claim suffers from another problem: they cannot establish causation.  Even if Bank of America owed plaintiffs a duty with respect to the handling of the loan modification, the purported breach of that duty did not cause the injury plaintiffs allege – namely, that they "have been unable to modify their loan and have fallen further [*sic*] in their payments." (Compl. ¶ 34; Dkt. 10, Pls.' Resp. 5-6 ("had Bank of American [*sic*] fulfilled their duty the Plaintiffs' [*sic*] would have been able to obtain a loan modification and their house would not have been foreclosed upon by Hudson City Savings Bank").) That is because Hudson City had no obligation to modify plaintiffs' loan, even if plaintiffs qualified for a modification.  *Bernard v. Fed. Nat'l Mortg. Ass'n*, __ F. App'x __, 2014 WL 4800123, at *3 (6th Cir. 2014) (noting that "Michigan courts have already held that even if a mortgagor meets the eligibility criteria for a modification, the lender is

14

not required to grant the modification" and citing *Brown v. Wachovia Mortg.*, No. 307344, 2013 WL 6083906, at *5 (Mich. Ct. App. Nov. 19, 2013)).

In other words, plaintiffs cannot show that, but for Bank of America's alleged negligence, plaintiffs would have been approved for the loan modification.    For this reason, and because plaintiffs have not alleged a recognized legal duty owed them by Bank of America, their negligence claim must be dismissed.

### 2.    Breach of Contract (Count II)

#### a.    Elements

Under Michigan law, "[a] party claiming breach of contract must establish by a preponderance of the evidence (1) that there was a contract, (2) that the other party breached the contract, and (3) that the party asserting breach of contract suffered damages as a result of the breach."   *Miller-Davis Co. v. Ahrens Const., Inc.*, 817 N.W.2d 609, 619 (Mich. Ct. App. 2012).

#### b.    The parties' arguments

Plaintiffs allege defendants breached the mortgage by failing to comply with the notice requirements in paragraph 22. (Compl. ¶ 44.) Paragraph 22 requires defendants, prior to acceleration following plaintiffs' default, to provide plaintiffs with notice that specifies:

> (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.

(Dkt. 1-2, Ex. 1 to Notice of Removal 26 ¶ 22.) The notice must also "inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." (*Id.*)

Plaintiffs allege the only two notices they received from defendants regarding the acceleration of the loan or the foreclosure of the mortgage did not meet any of the requirements of paragraph 22. (Compl. ¶¶ 23-25.)

In response, defendants argue plaintiffs have failed to allege facts supporting the breach and damages elements of a breach of contract claim. Specifically, defendants argue that (1) plaintiffs breached the

16

mortgage first – by failing to make payments – and therefore cannot, under Michigan law, sustain a breach of contract claim against defendants; and (2) any damages suffered by plaintiffs were caused by their own breach of the mortgage. (Dkt. 8, Defs.' Br. 11-12; Dkt. 12, Defs.' Reply Br. 4.)

Defendants also attach to their reply brief a letter addressed to plaintiffs and dated July 20, 2013, titled "Notice of Intent to Accelerate." (Dkt. 12-1, Ex. 1 to Defs.' Reply Br. 3 [hereinafter "Notice"].) Defendants contend the Notice meets the requirements of paragraph 22 of the mortgage, and thus plaintiffs cannot establish a breach of paragraph 22. The Court agrees that the Notice fulfills paragraph 22's requirements. But the Court cannot properly consider the Notice in deciding a motion to dismiss. Although the Notice is arguably central to plaintiffs' claims, plaintiffs do not refer to the Notice in their complaint. *See Greenberg*, 177 F.3d at 514. Moreover, the Court must accept the factual allegations in plaintiffs' complaint as true for purposes of defendants' motion; it follows that the Court must accept as true plaintiffs' allegation that they received only the two 2014

notices. (Compl. ¶¶ 23-25.)[1] To consider the Notice, the Court would be required to convert the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d). That is unnecessary, because plaintiffs' prior breach of the mortgage bars their claim.

### c.   Plaintiffs' prior breach bars their claim

"The rule in Michigan is that one who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform." *Michaels v. Amway Corp.*, 522 N.W.2d 703, 706 (Mich. Ct. App. 1994). The rule "only applies when the initial breach is substantial." *Id.*

Plaintiffs allege both defendants breached the mortgage by sending two notices, dated April 29, 2014, and June 24, 2014, that failed to meet the requirements of paragraph 22 of the mortgage. (Compl. ¶¶

---

[1] The Court notes that, under the terms of the mortgage, whether plaintiffs received the Notice is apparently immaterial to whether defendants met the requirements of paragraph 22. Paragraph 22 provides that "Lender shall give notice to Borrower prior to acceleration . . ." and sets forth the requirements listed above. Paragraph 15 of the mortgage provides that "[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." (Dkt. 1-2, Ex. 1 to Notice of Removal 24 ¶ 15.) The Notice bears a presort first-class mail mark. (Dkt. 12-1, Ex. 1 to Defs.' Reply Br.) It therefore appears that, by mailing the Notice, defendants fulfilled the requirements of paragraph 22, regardless of whether plaintiffs ever received the Notice. However, as discussed above, the Court need not consider the Notice in deciding defendant's motion to dismiss.

23-28.)   But plaintiffs also admit in the complaint that they failed to make an unspecified number of mortgage payments, beginning as early as January 2013.   (*Id.* ¶ 14.)   Plaintiffs thereby substantially breached the mortgage before defendants' alleged breach.   *See Tawfik v. BAC Home Loans Servicing, LP*, No. 11-12590, 2011 WL 6181441, at *3 (E.D. Mich. Dec. 13, 2011) (finding plaintiff substantially breached modification agreement by making a mortgage payment of approximately $86 less than required and was thereby precluded from bringing claim for breach of the agreement).   Under Michigan law, plaintiffs' breach of contract claim is accordingly barred.   *See Knight v. Wells Fargo*, No. 12-12129, 2013 WL 396142, at *11 (E.D. Mich. Jan. 8, 2013) (recommending dismissal of plaintiff's breach of mortgage claim based on plaintiff's prior failure "to make multiple monthly payments"), *adopted by* 2013 WL 396138 (E.D. Mich. Feb. 1, 2013); *Collins v. Wickersham*, 862 F. Supp. 2d 649, 657 (E.D. Mich. 2012) (dismissing borrowers' claim for breach of mortgage where borrowers had first breached the mortgage "by failing to make the required loan payments"); *Tawfik*, 2011 WL 6181441, at *3.

In their response brief, plaintiffs urge the Court not to address defendant's prior breach argument on the grounds that "[t]hose assertions are not relevant to a 12(b)(6) motion, but rather, are affirmative defenses that could potentially be raised by Defendants in their Answer and Affirmative Defenses." (Dkt. 10, Pls.' Resp. 7.) But it is well-established in this Circuit that "a motion to dismiss can be premised on an affirmative defense, provided that the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief." *Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 926 (6th Cir. 2013) (internal citations and quotation marks omitted); *accord Jones v. Bock*, 549 U.S. 199, 215 (2007). Plaintiffs allege they fell behind in their mortgage payments in January 2013, over a year before the notices issued that form the basis of plaintiffs' breach of contract claim. (Compl. ¶¶ 14, 23-27.) Dismissal of plaintiffs' breach of contract claim is therefore proper.

### 3. Injunctive relief (Count V)

Defendants correctly point out that injunctive relief is not an independent cause of action, but an equitable remedy. For this reason,

and because plaintiffs' substantive claims will be dismissed, Count V will be dismissed.

## C.    Plaintiffs' request for leave to amend the complaint

Plaintiffs have failed to state a plausible claim to relief on their claims for negligence, breach of contract, and injunctive relief.  Given this finding, plaintiffs urge the Court not to dismiss their complaint, but instead to grant plaintiffs leave to amend their complaint.  (Dkt. 10, Pls.' Resp. 10.)  The Court finds that amendment would be futile based on the reasons supporting dismissal.  As discussed above, Michigan law is clear that Bank of America had no duty to plaintiffs with respect to the handling of their loan modification application, and even if there were such a duty, plaintiffs cannot show a causal link between the alleged breach of that duty and their alleged harm.  And Michigan law is equally clear that plaintiffs' prior breach of the mortgage precludes their breach of contract claim against defendants.  Finally, as discussed above, injunctive relief is not an independent cause of action. Accordingly, plaintiffs' complaint will be dismissed with prejudice.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding leave to amend is properly denied where amendment would be futile); *Begala v. PNC*

*Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 783-84 (6th Cir. 2000) (affirming district court's denial of plaintiffs' request, made in their response brief to defendant's 12(b)(6) motion, that they "be permitted to amend the complaint in the event that the Court found it to be deficient").

## III.   Plaintiffs' Motion for Preliminary Injunction

Plaintiffs seek an injunction staying the redemption period until this matter is fully adjudicated on the merits.  (Dkt. 13.)  Because the Court will grant defendants' motion to dismiss, plaintiffs' motion will be denied as moot.

## IV.   Conclusion

Accordingly, defendants' Motion to Dismiss plaintiffs' complaint (Dkt. 8) is GRANTED;

Plaintiffs' Motion for Preliminary Injunction (Dkt. 13) is DENIED; and

Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.  This is a final order and closes the case.

IT IS SO ORDERED.

Dated: December 18, 2014   s/Judith E. Levy
Ann Arbor, Michigan    JUDITH E. LEVY
           United States District Judge

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2014.

          s/Felicia M. Moses
          FELICIA M. MOSES
          Case Manager